IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

AUG 1 8 2023

CLERK, U.S. ............T
ALEXANDRIA, VIRGINIA

UNITED STATES OF AMERICA,          )
                                   )
            Plaintiff,             )
                                   )
    v.                             )      Civil Action No. 1:22cv1207 (PTG/JFA)
                                   )
JAIME C. WILKINSON,                )
                                   )
            Defendant.             )
_____)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff United States of America's motion for default judgment against defendant Jaime C. Wilkinson pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 22). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court this proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On October 25, 2022, plaintiff filed a complaint against defendant. (Docket no. 1) ("Compl."). Plaintiff filed an affidavit of service stating that defendant was served with the complaint and summons on October 31, 2022. (Docket no. 8). On November 21, 2023, defendant filed a motion to show authority. (Docket no. 7). On March 31, 2023, District Judge Giles denied defendant's motion and ordered defendant to file an answer within fourteen (14) days of the order. (Docket no. 13). Instead of filing an answer, defendant filed a motion to disqualify Judge Giles from the case on April 24, 2023. (Docket no. 14).

On April 26, 2023, plaintiff filed a request for entry of default as to defendant. (Docket no. 15). The Clerk of Court entered default against defendant on May 1, 2023. (Docket no. 16).

Defendant then proceeded to file a notice of demand to dismiss for want of jurisdiction and authority and redemand for the disqualification the judge and attorneys, as well as a notice of demand to cease and desist and response to response to notice to dismiss for want of jurisdiction and authority and redemand for the disqualification the judge and attorneys. (Docket nos. 18–19, 21).

On July 24, 2023, plaintiff filed a motion for default judgment, a memorandum in support, a *Roseboro* notice, and a notice of hearing for Friday, August 18, 2023. (Docket nos. 22–23). At the hearing on Friday, August 18, 2023, counsel for plaintiff appeared, but no one appeared on behalf of defendant.

## Factual Background

The following facts are established by the complaint. (Compl.). Defendant is a resident of Fairfax County, Virginia. (Compl. ¶ 4). Plaintiff alleges that defendant had a financial interest in a bank account at Clarien Bank in Bermuda with an account ending in 8711. (Compl ¶ 12). For the calendar years 2014 through 2017, the highest account balance in the Clarien Bank account was as follows:

| Year | Date of Highest Account Balance | Amount of Highest Account Balance |
|------|------|------|
| 2014 | 11/4/2014 | $753,663 |
| 2015 | 1/1/2015 | $685,485 |
| 2016 | 12/30/2016 | $220,186 |
| 2017 | 1/1/2017 | $220,181 |

(Compl. ¶ 13). Defendant failed to timely file a Report of Foreign Bank and Financial Accounts ("FBAR") for each of the calendar years 2014 to 2017. (Compl. ¶ 15).

On August 23, 2018, the Internal Revenue Service ("IRS") served a summons on defendant that required him to appear on October 11, 2018 and produce the foreign account

records for calendar years 2014 to 2017. (Compl. ¶ 21). Defendant did not appear in response to the summons and did not produce any of the requested records. *Id.*

On October 27, 2020, a delegate of the Secretary of the Treasury assessed a $10,000 penalty against defendant pursuant to 31 U.S.C. § 5321(a)(5) for his failure to file timely FBARs for each of the four calendar years from 2014 to 2017, as well as a $10,000 penalty against defendant for his failure to keep and disclose records related to his Clarien Bank account for each of the four calendar years from 2014 to 2017. (Compl. ¶¶ 16, 22). The total penalty assessed was $80,000. *Id.* A delegate of the Secretary of the Treasury sent notice of the assessments to defendant and demanded payment of the assessments on November 20, 2020. (Compl. ¶¶ 17, 23). Defendant has failed to pay any part of the assessments. (Compl. ¶¶ 18, 24).

### Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure to plead or otherwise defend against this action, the Clerk of Court has entered a default as to defendant. (Docket no. 16).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any

3

allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

**Jurisdiction and Venue**

A court must have subject matter jurisdiction over the claims, personal jurisdiction over the defaulting defendant, and venue must be proper before the court can render a default judgment. Plaintiff brings claims for violations of the Currency and Foreign Transactions Reporting Act, also known as the Bank Secrecy Act ("BSA"). First, this court has subject matter jurisdiction over the claims under 28 U.S.C. § 1331, as the claims arose under the laws of the United States. Second, this court has subject matter jurisdiction under 28 U.S.C. § 1345, as the action was commenced by the United States. Lastly, this court has subject matter jurisdiction under 28 U.S.C. § 1355, as the action involves the recovery or enforcement of a penalty incurred under an Act of Congress. Therefore, the court has subject matter jurisdiction over both claims brought by plaintiff.

General personal jurisdiction allows a court to "hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). However, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear*, 564 U.S. at 924. The complaint only states defendant is a resident of Fairfax County, Virginia. (Compl. ¶ 4). However, at the hearing, plaintiff clarified that defendant is also domiciled in Virginia. Therefore, this court has general personal jurisdiction over defendant.

4

Under 28 U.S.C. § 1391(b)(1), venue is proper in a judicial district in which any defendant resides if all defendants are residents of the state in which the district is located. Under 28 U.S.C. § 1395(a), a civil proceeding for the recovery of a penalty may be prosecuted in the district where it accrues or defendant is found. As defendant is a resident of this district and is found in this district, venue is proper in this district. (Compl. ¶ 4).

For these reasons, the undersigned recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over defendant, and that venue is proper in this court.

### Service

Federal Rule of Civil Procedure 4(e)(2)(B) provides that an individual may be served within the United States by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there. In the declaration attached to the proof of service, Courtney Adams, a private process server, stated that, on October 31, 2022, she personally served a summons and complaint at 1501 Chatham Colony Court, Reston, VA 20190. (Docket no. 8 at 3). Ms. Adams declared that a woman, who appeared to be approximately sixty (60) years old, opened the door, stated she lived at the residence, but declined to give her name. *Id.* The woman stated that defendant was home and closed the door. *Id.* A man who identified himself as defendant came to the door but refused to open it to accept the summons and complaint. *Id.* Ms. Adams claimed that when she attempted to put the documents in the front-door mail slot, the woman who refused to give her name returned to the door, opened it, and accepted the summons and complaint. *Id.* Ms. Adams also declared that, after personally delivering the summons and complaint to defendant's residence, she also mailed a copy of the summons and complaint to defendant at the address

5

listed on the summons. *Id.* at 4. This declaration proves that the process server left a copy of the summons at defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there. Accordingly, the undersigned recommends a finding that defendant was properly served.

### Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 12(a), defendant was required to file a responsive pleading twenty-one (21) days after service. The possible responsive pleadings that would satisfy the requirement are an answer or a Rule 12 motion. Fed. R. Civ. P. 12(a)(1), (4). Filings other than those that address the assertions made in the complaint are not sufficient to prevent default judgment. *See JTH Tax, Inc. v. Smith*, 2006 WL 1982762, at *2 (E.D. Va. June 23, 2006) (granting the motion for default judgment even after defendant submitted a letter to the court that "did not specifically address the issues presented in the Complaint or the Motion for Default Judgment").

Instead of filing a responsive pleading after being served, defendant instead filed a motion to show authority that challenged the legal authority of plaintiff's counsel to bring the case on behalf of plaintiff against defendant. (Docket no. 7). When District Judge Giles denied defendant's motion to show authority, she gave plaintiff fourteen (14) days for the date of the order to file an answer to plaintiff's complaint. (Docket no. 13). Defendant chose not to comply with the order. Instead, plaintiff proceeded to file a motion to disqualify (Docket no. 14), a notice of demand to dismiss for want of jurisdiction and authority and redemand for the disqualification the judge and attorneys (Docket nos. 18–19), and notice of demand to cease and desist and response to response to notice to dismiss for want of jurisdiction and authority and redemand for the disqualification the judge and attorneys (Docket no. 21). Importantly, these

motions are not an answer, which Judge Giles ordered defendant to file, and do not address the assertions made in the complaint.  Furthermore, defendant's claim concerning lack of jurisdiction deals more with the authority of Judge Giles, the Clerk of Court, and plaintiff's counsel, which was already addressed in the order denying the motion to show authority.  Defendant both failed to comply with the order of Judge Giles that defendant had fourteen (14) days to file an answer and the requirement under the Federal Rules of Civil Procedure that defendant file a responsive pleading.

For the reasons stated above, the undersigned recommends a finding that the Clerk of Court properly entered a default as to defendant and that defendant had notice of this action and these proceedings.

### Liability

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Given that a default has been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).  Plaintiff alleges that defendant violated the BSA by failing to timely report his interest in a foreign bank account and by failing to keep and disclose records of the foreign account upon request. (Compl. ¶¶ 10–26).

### Reporting Requirements

The BSA mandates that the Secretary of Treasury require a resident or citizen of the United States to file reports when the resident or citizen makes a transaction or maintains a relation for any person with a foreign financial agency.  31 U.S.C. § 5314(a).  Under this requirement, regulations have been promulgated that require each resident or citizen having a financial interest in, or signature or other authority over, a bank, securities, or financial account

7

in a foreign country to report such relationship to the Commissioner of the IRS for each year in which such relationship exists. 31 C.F.R. § 1010.350(a). These reports must be filed on or before June 30 of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year. 31 C.F.R. § 1010.306(c).

Based on the complaint, for calendar years 2014 to 2017, defendant was a resident of the United States, he had a financial interest in a bank account at Clarien Bank in Bermuda, and the balance of that account exceeded $10,000. (Compl. ¶¶ 11–13). Despite being subjected to the FBAR filing requirements, defendant did not file any FBAR for calendar years 2014 to 2017. (Compl. ¶ 15). Accordingly, the undersigned recommends a finding that defendant is liable for failing to file FBARs for calendar years 2014 to 2017.

**Recordkeeping Requirements**

In addition to the reporting requirements, the BSA also mandates that the Secretary of Treasury require a resident or citizen of the United States to keep records when the resident or citizen makes a transaction or maintains a relation for any person with a foreign financial agency. 31 U.S.C. § 5314(a). The FBARs that must be filed in accordance with 31 C.F.R. § 1010.350(a) must also be retained by each person having a financial interest in or signature or other authority over any such account. 31 C.F.R. § 1010.420. Such records must be retained for a period of five (5) years and must remain available for inspection as authorized by law. *Id.*; 31 U.S.C. § 5314(c). The IRS has broad authority to issue summonses to examine books and witnesses to enforce the FBAR reporting and recordkeeping requirements. *See* 31 C.F.R. § 1010.810(g).

As noted above, for tax years 2014 to 2017, defendant was a resident of the United States, he had a financial interest in a bank account at Clarien Bank in Bermuda, and the balance of that account exceeded $10,000. (Compl. ¶¶ 11–13). On August 23, 2018, the IRS issued a

8

summons requiring defendant to appear and produce account records for his foreign account for calendar years 2014 to 2017.  (Compl. ¶ 21).  Despite the summons, defendant did not appear or produce the records.  *Id.*  Therefore, defendant failed to retain and make available for inspection the FBARs for calendar years 2014 to 2017.  Accordingly, the undersigned recommends a finding that defendant is liable for failure to comply with the recordkeeping provisions of the BSA.

## Relief

Plaintiff alleges that, as of May 1, 2023, defendant owes plaintiff $94,2023, plus statutory additions that continue to accrue thereafter as provided by law.  (Docket no. 22-1 at 7).

**Assessments**

The Secretary of Treasury may impose a civil money penalty on any person who violates any provision of 31 U.S.C. § 5314.  31 U.S.C. § 5321(a)(5)(A).  The penalty shall not exceed $10,000 unless the violation is willful, in which case the penalty may increase to $100,000 or more.  31 U.S.C. § 5321(a)(5)(B)–(D).  These provisions apply to both the reporting and recordkeeping requirements.

Here, after finding that plaintiff did not comply with the reporting requirements, a delegate of the Secretary of the Treasury proceeded to assess the maximum $10,000 penalty per report that was not filed for calendar years 2014 to 2017.  (Compl. ¶ 16).  A delegate of the Secretary also assessed a $10,000 penalty against defendant for failure to comply with the recordkeeping requirements for the calendar years 2014 to 2017.  (Compl. ¶ 22).  These assessments total to $80,000.  (Compl. ¶¶ 16, 22).  Defendant was then provided notice of the penalty assessments.  (Compl. ¶¶ 17, 23).  As defendant was found to have violated 31 U.S.C. § 5314, these assessments were appropriate under 31 U.S.C. § 5321(a)(5).  However, defendant

has not paid the penalties assessed. (Compl. ¶¶ 18, 24). Therefore, the undersigned recommends a finding that defendant is liable for $80,000 in penalties assessed for violations of the BSA.

**Interest and Late-Payment Penalty**

Under 31 U.S.C. § 3717(a), an agency must charge a minimum annual interest rate on an outstanding debt on a United States Government claim owed by a person that is based on a rate published by the Secretary of Treasury each year. Interest begins to accrue from the date on which notice is mailed. *Id.* § 3717(b)(1). The agency must also assess a charge to cover the cost of processing and handling a delinquent claim and a penalty charge of not more than six percent (6%) a year for failure to pay a debt more than ninety (90) days past due. *Id.* § 3717(e). Following a judgment, the interest is then calculated pursuant to 28 U.S.C. § 1961(a).

Notice of the $80,000 penalty assessment was issued on November 20, 2020. (Compl. ¶¶ 17, 23). Since then, plaintiff has not paid any portion of the penalty, interest, or late-payment penalties. *Id.* The declaration of Onisha Y. Darnell, an FBAR Penalty Coordinator with the IRS, states that the Bureau of Fiscal Service's Cross Servicing Next Generation system and the IRS FBAR Database showed that defendant owed $3,550.69 in interest and late-payment penalties totaling $10,652.06 as of May 1, 2023. (Docket no. 22-4 ¶ 4). Because the declaration provides the interest and late-payment penalty totals that were last updated over three months ago and the uncertainty as to when judgment will be entered, the undersigned will not recommend a sum certain for the interest and late-payment penalties. As such, the undersigned recommends a finding that plaintiff is entitled to interest and late-payment penalties from November 20, 2020 through the date that judgment is entered pursuant to 31 U.S.C. § 3717(a), (e). The undersigned further recommends that, until the judgment is paid in full, post-judgment interest on the penalty

assessments and post-judgment late-payment penalties shall continue to accrue pursuant to 28 U.S.C. § 1961(a), 31 U.S.C. § 3717(e), and 31 C.F.R. § 5.5(a).

## Conclusion

For the reasons stated above, the undersigned recommends that default judgment be entered in favor of plaintiff United States of America and against defendant Jaime C. Wilkinson in the amount of **$80,000**, along with pre-judgment interest pursuant to 31 U.S.C. § 3717(a), post-judgment interest pursuant to 28 U.S.C. § 1961(a), and late-payment penalties pursuant to 31 U.S.C. § 3717(e). Furthermore, the undersigned recommends that the pending motion to disqualify (Docket no. 14), notice of demand to dismiss for want of jurisdiction and authority and redemand for the disqualification the judge and attorneys (Docket nos. 18–19), and notice of demand to cease and desist and response to response to notice to dismiss for want of jurisdiction and authority and redemand for the qualification the judge and attorneys (Docket no. 21) be dismissed.

## Notice

By means of the court's electronic filing system and by mailing a copy of these proposed findings of fact and recommendations to defendant Jaime C. Wilkinson, 1501 Chatham Colony Court, Reston, Virginia 20190, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of these proposed findings of fact and recommendations. A failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

Entered this 18th day of August, 2023.

_____/s/_____
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

12