IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>*Plaintiff,*  )<br>v.  )  Civil Action No. 1:22-cv-1207 (PTG/JFA)<br>  )<br>JAIME C. WILKINSON,  )<br>  )<br>*Defendant.*  )<br>  ) | |

## ORDER

This matter comes before the Court on the August 18, 2023 Proposed Findings of Fact and Recommendations ("R&R") from Magistrate Judge John F. Anderson regarding Plaintiff's Motion for Default Judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b)(2) (Dkt. 22). Dkt. 25. Judge Anderson advised the parties that objections to the R&R must be filed within fourteen (14) days of service and failure to object waives appellate review. *Id.* at 11.

When reviewing a magistrate judge's R&R, the Court must make a *de novo* determination of those portions of the R&R to which objections, if any, are made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court is authorized to accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge. *Id.* "[O]bjections must be specific and particularized in order to direct the attention of the district court to 'only those issues that remain in dispute after the magistrate judge has made findings and recommendations.'" *United States v. Kotzev*, No. 1:18-cv-1409, 2020 WL 1217153, at *3 (E.D. Va. Mar. 11, 2020) (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007)).

On September 6, 2023, Defendant filed a Letter to the Court (Dkt. 27). In that Letter, Defendant challenged the United States' and the Court's authority over him; and, in what appears

to be a response to Judge Anderson's R&R, referred to the default judgment as "biased[,]" asked the Court to reevaluate it, and demanded a number of IRS Tax Forms and tax identification numbers. *See* Dkt. 27 at 1–3, 6–7. Since federal courts are to construe the claims of *pro se* litigants liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court will construe Defendant's Letter as an objection to Judge Anderson's R&R.

The claims raised in Defendant's Letter do not, however, satisfy the specificity requirement of objections. *Abou-Hussein v. Mabus*, D.S.C. No. 2:09-1988, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010), *aff'd*, 414 Fed. Appx. 518 (4th Cir. 2011). Even if they did, the Court finds that the claims lack merit. First, in a March 31, 2023 Order, this Court addressed and rejected Defendant's arguments that there is no authority under which Defendant can be sued, explaining that under relevant federal law, counsel for the United States may prosecute civil actions or proceedings in which the United States is concerned against natural persons such as Defendant. *See* Dkt. 13 at 2–3. In that same Order, the Court directed Defendant to file an answer to Plaintiff's Complaint within fourteen (14) days of the date of the Order. *Id.* at 3. Filing an answer would have afforded Defendant the opportunity to raise any defenses to Plaintiff's claims and seek, by means of discovery, the type of documents Defendant now demands. Yet, Defendant failed to file an answer or any other responsive pleading.

The record also shows that Defendant has had other opportunities to challenge Plaintiff's claims against him, but that he failed to make use of those opportunities. The Complaint alleges that on August 23, 2018, the Internal Revenue Service ("IRS") served a summons on Defendant requiring him to appear on October 11, 2018 and produce the foreign account records for his Clarien Bank account in Bermuda for the calendar years 2014 to 2017. *See* Compl. ¶ 17. Plaintiff further alleges that Defendant never appeared in response to the summons. *Id.* Defendant does

not dispute this allegation. Even after Plaintiff initiated this federal lawsuit, Defendant made no attempt to properly respond or take action in this case. This is evidenced not only by Defendant's decision not to file an answer, despite a court order to do so, but also by his failure to appear at the hearing for Plaintiff's Motion for Default Judgment, *see* Dkt. 25 at 2. Defendant cannot now, at the eleventh hour, attempt to challenge Plaintiff's claims by raising arguments that are without merit.

The Court has reviewed the R&R, the parties' submissions, and the record herein. After reviewing the record and the objections to the R&R, and having made *de novo* determinations with respect thereto, the Court hereby **OVERRULES** Defendant's Objections (Dkt. 27) and **APPROVES** and **ADOPTS IN FULL** the findings Judge Anderson set forth in the R&R (Dkt. 25). Accordingly, it is

**ORDERED** that Plaintiff's Motion for Default Judgment (Dkt. 22) is **GRANTED**; and it is further

**ORDERED** that default judgment be **ENTERED** in favor of Plaintiff and against Defendant in the amount of $80,000, along with pre-judgment interest pursuant to 31 U.S.C. § 3717(a), post-judgment interest pursuant to 28 U.S.C. § 1961(a), and late-payment penalties pursuant to 31 U.S.C. § 3717(e); and it is further

**ORDERED** that Defendant's Motion to Disqualify (Dkt. 14), Notice of Demand to Dismiss for Want of Jurisdiction and Authority (Dkt. 18), Redemand for the Disqualification of the Judge and Attorneys (Dkt. 19), and Notice of Demand to Cease and Desist and Response to Response to Notice to Dismiss for Want of Jurisdiction and Authority and Redemand for the Disqualification [of] the Judge and Attorneys (Dkt. 21) are **DENIED**.

The Clerk of Court is directed to enter judgment in favor of Plaintiff as set forth above, pursuant to Federal Rule of Civil Procedure 55.

It is **SO ORDERED**.

Dated: October 3, 2023
Alexandria, VA

/s/
Patricia Tolliver Giles
United States District Judge